UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| NICK ALEXANDER WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-5017 |
| | ) | |
| AEGIS COMMUNICATIONS GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant Aegis Communications Group, LLC (hereafter "ACG"), by and through its attorneys, and gives notice that the case of Nick Alexander Watson v. Aegis Communications Group, LLC, initiated in the Circuit Court of Jasper County, Missouri on or about December 18, 2012, and assigned cause number 12AP-CC00091 has on this 15th day of February, 2013, been removed to the United States District Court for the Western District of Missouri, Southwestern Division. As grounds for removal, ACG states:

1.   On December 18, 2012, Nick Alexander Watson initiated this case by filing a Petition in the Circuit Court of Jasper County, Missouri in an action titled Nick Alexander Watson v. Aegis Communications Group, LLC., and there designated as cause number 12AP-CC00091. A Summons and Petition was served on Defendant on or about January 16, 2013.

2.   A copy of the Summons and Petition is attached hereto as Exhibit A. Other than written discovery requests that were served along with the Petition, no further proceedings have been had in this action, or have any other processes, pleadings, or orders been served on ACG.

3.   This notice of removal is filed within 30 days of the serving of Plaintiff's Petition setting forth his claims for relief, and is timely filed under 28 U.S.C. § 1446(b).

4.      ACG is removing this case to federal court pursuant to 28 U.S.C. § 1332, by reason of diversity of citizenship between the parties, in that the only Defendant herein, ACG, is now, and was at the time this action was commenced, diverse in citizenship from Plaintiff.

5.      As of the date of the commencement of this cause and the removal of this cause, Defendant ACG was, and still is, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Irving, Texas.  (Exh. B, Mary D. Mullen Affidavit, ¶ 3).

6.      ACG's sole member is Aegis USA, Inc., a company incorporated under the laws of the State of Delaware with its principal place of business in California.  (Exh. B, ¶¶ 4-5).

7.      Because "[a]n LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members," ACG is considered a citizen of Delaware and California. *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

8.      Upon information and belief, Plaintiff Nick Alexander Watson is a resident of Missouri.  (Exh. A, ¶ 1).

9.      Plaintiff's Petition does not state the specific amount of damages being sought; however, the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

10.      When the jurisdictional amount is not clear from the face of the Petition or is otherwise in dispute, the party seeking to establish jurisdiction must prove the requisite amount by a preponderance of the evidence.  *Bell v. Hershey Co.,* 557 F.3d 953, 956 (8th Cir. 2009). "Under the preponderance standard, the jurisdictional fact is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are."  *Id.* at 959 (internal quotation omitted).  "Once the removing party has established by a preponderance

of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Id.* at 956. *See also Kopp v. Kopp*, 280 F.3d 883 (8th Cir. 2002).

11.     In his six-count Petition alleging fraudulent inducement and misrepresentation, negligent misrepresentation, wrongful termination in violation of public policy, unjust enrichment, breach of contract, and false imprisonment, Plaintiff seeks compensatory damages, punitive damages, and reasonable attorney fees.  (Exh. A, ¶¶ 80, 91, 103, 113, 119, and 127).

12.     In the twelve months prior to Plaintiff's leave of absence that commenced on or about June 29, 2011, Plaintiff worked 1633.37 straight time hours and 9.58 overtime hours for total wages of $21,702.14.  (Exh. B, ¶ 8).

13.     At this point, Plaintiff has not been employed by ACG since on or about June 29, 2011.  (Exh. B, ¶ 6).  Considering Plaintiff's compensation package, the other categories of damages sought, and the additional damages that will accrue before any judgment, with a preponderance of the evidence, the $75,000 amount in controversy requirement is clearly satisfied.

14.     Removal of this action is proper under 28 U.S.C. § 1441.  This is a civil action brought in state court and this Court has original jurisdiction over the action under 28 U.S.C. § 1332, since Plaintiff and Defendant are citizens of different states and the amount of controversy exceeds the sum of $75,000.

15.     Written notice of the filing of this Notice of Removal will be given to Plaintiff's counsel, as required by law.

16.     A true and correct copy of this notice of removal will be filed with the Clerk for the Circuit Court of Jasper County, Missouri, as required by law.

WHEREFORE, Defendant Aegis Communications Group, LLC gives notice that the above action initiated in the Circuit Court of Jasper County, Missouri is hereby removed to the United States District Court for the Western District of Missouri, Southwestern Division for the reasons stated above.

Dated: February 15, 2013                    ARMSTRONG TEASDALE LLP


By: */s/ Mark G. Jacobs*
     Robert A. Kaiser       #31410MO
     Mark G. Jacobs      #60416MO
     Jeremy M. Brenner    #63727MO
     7700 Forsyth Blvd., Suite 1800
     St. Louis, Missouri 63105
     314.621.5070
     314.621.5065 (facsimile)
     rkaiser@armstrongteasdale.com
     mjacobs@armstrongteasdale.com
     jbrenner@armstrongteasdale.com
     *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2013, the foregoing was filed electronically with the Clerk of the Court and will be served by U.S. Mail and by operation of the Court's electronic filing system upon the following:

Anne Schiavone
Matt O'Laughlin
Kelly McCambridge
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone (816) 283-8738
Facsimile (816) 283-8739
e-mail: aschiavone@hslawllc.com
e-mail: molaughlin@hslawllc.com
e-mail: kmccambridge@hslawllc.com

                                       */s/ Mark G. Jacobs*

4